IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LOUIS B. ANTONACCI,
an individual,

       **Plaintiff,**

  v.

DESCRYBE, LLC,
a limited liability company,

      Serve: Legalinc Corporate Services Inc.
      131 Continental Drive
      Suite 305
      Newark, DE 19173

Case No.

**25-1093**

## COMPLAINT

Plaintiff Louis B. Antonacci ("Antonacci" or "Mr. Antonacci") hereby files this

Complaint against the above-named Descrybe, LLC d/b/a Descrybe.ai ("Descrybe"

"Defendant" or the "Company"), and states as follows:

### NATURE OF THE CASE

This is a complaint for defamation against a company that publishes summaries of publicly available caselaw, purported generated by artifiical intelligence, without review before publication. The company published a summary of a 2016 case out of U.S. Court of Appeals for the Seventh Circuit that falsely states Antonacci had federal tax liens on property that he owned in Cook County, Illinois. The summary further falsely claims that the City of Chicago retained the law firm where Antonacci worked so that he could satisfy those federal debts. Not only are those allegations verifiably false, but the opinon that is purportedly summarized does not even say that.

Antonacci believes this publication was made with actual malice. No sophisiticated AI tool would make such elementary errors. Furthermore, Antonacci attempted resolving the matter with the company prior to filing this lawsuit, and they responded by knowingly republishing these defamatory statements with nothing more than an ambiguous pronoun

change. Antonacci seeks monetary damages for these defamatory publications, as well as a preliminary injunction.

## PARTIES

1.      Mr. Antonacci is an individual and a citizen of the Commonwealth of Virginia or the District of Columbia. Mr. Antonacci has resided in Virginia for the past three years, but is in the process of relocating into his condominium in the District of Columbia.

2.      Descrybe is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, the members of Descrybe are citizens of the Commonwealth of Massachusetts.

## JURISDICTION

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the plaintiff and the defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over the defendant because it is organized under the laws of the State of Delaware.

5.      Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b) because the defendant resides here and has a registered agent in Newark, Delaware.

## FACTS COMMON TO ALL COUNTS

6.      Mr. Antonacci is an attorney who has been licensed to practice law since 2004. Antonacci is licensed in multiple states. Antonacci is also licensed in multiple federal courts.

2

7.    Antonacci is the sole member of the member-managed limited liability company Antonacci PLLC f/k/a Antonacci Law PLLC, a Virginia professional limited liability company also registered in the District of Columbia.

8.    Descrybe.ai purports to use artificial intelligence to "simplify[y] complex legal information, making it easier to access—for legal professionals, students, and the public alike. [Descrybe]'s core tools are always free. Anyone can search millions of U.S. judicial opinions in plain English or Spanish and instantly get clear, simplified summaries—no login required."[1]

9.    In April 2025, Antonacci discovered a Descrybe.ai case summary of a case where he was the plaintiff: *Antonacci v. City of Chicago*, No. 15-2194, 7th Cir. (Mar. 18, 2016).

10.    The case summary states claims that are not only verifiably false, but also do not appear anywhere in the opinion summarized:[2]

> Antonacci alleges that the City engaged Ponder at the Mayor's request to help secure funds for Antonacci to address significant federal tax liens on his Cook County property.

> Antonacci alega que la Ciudad contrató a Ponder a solicitud del Alcalde para ayudar a asegurar fondos para que Antonacci pudiera abordar significativos gravámenes fiscales federales sobre su propiedad en el Condado de Cook.

11.    The five-page opinion issued by the Seventh Circuit plainly reads that Antonacci alleged the City of Chicago retained defendant Anita J. Ponder so that she could satisfy tax liens on her Cook County property.

---

[1] Available at Descrybe's website: https://descrybe.ai/about

[2] https://descrybe.ai/case-details/c8696376

12.     Neither the opinion, nor Antonacci's underlying complaint, allege anything about tax liens relative to Antonacci or property that he owned.

13.     Antonacci has never owned property in Cook County, Illinois, but has owned a condominium in the District of Columbia for the past nine years (4126 8th Street NW, Unit 3, Washington DC 20011). There has never been any tax lien on that property.

14.     In addition, Antonacci owned a townhome in the District of Columbia from 2019 to 2022. There was never any tax lien on that property while Antonacci owned it (3338 7th Street NE, Washington, DC 20017).

15.     Antonacci asked ChatGPT, a popular large language model, to summarize the Seventh Circuit's opinion. ChatGPT did not mention tax liens in its initial summaries. But when asked about tax liens specifically, it correctly summarized Antonacci's allegations against the defendants. When asked if the opinion anywhere discusses Antonacci's property or tax liens, ChatGPT correctly stated the opinion does not.

16.     Descrybe does not have a business address on its website, nor does Delaware Secretary of State have a business address except for its registered agent.

17.     Antonacci sent a demand and cease and desist letter ("Demand") to Descrybe's registered agent, who refused to accept service of that Demand.

18.     Descrybe's registered agent refused to accept service of Antonacci's Demand after Descrybe responded to Antonacci's email transmitting the Demand electronically and notifying Descrybe that the letter was en route to its registered agent.

19.     Descrybe initially responded to Antonacci's email within six minutes, addressing him by his nickname "Lou," which appears nowhere in the correspondence sent to Descrybe or in the case opinion summarized.

4

20.    Antonacci demanded monetary compensation and that Descrybe either take down the case summary entirely or revise it correctly state that Antonacci alleged the City of Chicago retained defendant Anita J. Ponder so she could secure funds to satisfy tax liens on her Cook County property.

21.    Descrybe later responded to Antonacci's demand by stating that it would change the case summary only by changing the pronoun "his" to the pronoun "her" in the in the language cited above. Descrybe republished the case opinion with this change only.

22.    Descrybe did not respond to Antonacci's demand for monetary compensation.

23.    Antonacci replied to Descrybe only by advising it to retain counsel.

24.    Descrybe included this false language regarding tax liens deliberately and with actual malice. Descrybe subsequently republished this false information again with actual malice.

25.    Descrybe published this false information in both English and Spanish.

26.    Descrybe published this false information into the public domain on the internet, which anyone with an internet connection may access.

27.    Descrybe's publications of this case summary is not an accurate or fair account of the judicial proceeding in question.

28.    Descrybe's false publications lowers Antonacci's standing in his profession and brings him into contempt or ridicule.

## COUNT I: DEFAMATION
### (Initial Publication – English)

29.    Antonacci incorporates all of the preceding paragraphs as if they were fully set forth herein.

30. Antonacci has been licensed to practice law since 2004. He has owned a law practice for the past eleven years.

31. Descrybe made defamatory statements, in the English language, concerning Antonacci in its summary of the case *Antonacci v. City of Chicago*, No. 15-2194, 7th Cir. (Mar. 18, 2016).

32. Specifically, Descrybe alleged that Antonacci had tax liens on property he owned, and that he was hired as a lawyer so that the City of Chicago could divert taxpayer funds to help him pay those debts.

33. These statements are not only verifiably false, but they do not appear anywhere in the opinion purportedly summarized.

34. These statements lower Antonacci in his profession an bring him into contempt or ridicule.

35. These false statements were included deliberately and with actual malice.

36. These false statements were published on the internet and were publicly available to anyone with an internet connection.

37. Antonacci is not a public figure.

**WHEREFORE**, for the reasons stated herein, Mr. Antonacci hereby prays that this Court enter judgment in favor of Mr. Antonacci, and against the above-named Defendants, in the amount of $5,000,000 of presumed damages, plus punitive damages, attorneys' fees and the costs of this action.

## COUNT II: DEFAMATION
### (Initial Publication – Spanish)

38. Antonacci incorporates all of the preceding paragraphs as if they were fully set forth herein.

6

39.    Antonacci has been licensed to practice law since 2004. He has owned a law practice for the past eleven years.

40.    Descrybe made defamatory, in the Spanish language, concerning Antonacci in its summary of the case *Antonacci v. City of Chicago*, No. 15-2194, 7th Cir. (Mar. 18, 2016).

41.    Specifically, Descrybe alleged that Antonacci had tax liens on property he owned, and that he was hired as a lawyer so that the City of Chicago could divert taxpayer funds to help him pay those debts.

42.    These statements are not only verifiably false, but they do not appear anywhere in the opinion purportedly summarized.

43.    These statements lower Antonacci in his profession an bring him into contempt or ridicule.

44.    These false statements were included deliberately and with actual malice.

45.    These false statements were published on the internet and were publicly available to anyone with an internet connection.

46.    Antonacci is not a public figure.

**WHEREFORE**, for the reasons stated herein, Mr. Antonacci hereby prays that this Court enter judgment in favor of Mr. Antonacci, and against the above-named Defendants, in the amount of $5,000,000 of presumed damages, plus punitive damages, attorneys' fees and the costs of this action.

## COUNT III: Defamation
### (Subsequent Publication – English)

7

47.     Antonacci incorporates all of the preceding paragraphs as if they were fully set forth herein.

48.     Antonacci has been licensed to practice law since 2004. He has owned a law practice for the past eleven years.

49.     After Antonacci informed Descrybe of the defamatory nature of its publications, Descrybe republished the case summaries in question after only changing the pronoun "his" to "her" in the language cited above.

50.     As modified, the language does not make sense because it suggests the City of Chicago retained Ponder so that Antonacci could secure funds to pay Ponder's tax liens. That is false and does not appear in the opinion summarized.

51.     Descrybe therefore again made defamatory statements, in the English language, concerning Antonacci in its summary of the case *Antonacci v. City of Chicago*, No. 15-2194, 7th Cir. (Mar. 18, 2016).

52.     These statements are not only verifiably false, but they do not appear anywhere in the opinion purportedly summarized.

53.     These statements lower Antonacci in his profession an bring him into contempt or ridicule.

54.     These false statements were included deliberately and with actual malice.

55.     These false statements are published on the internet and were publicly available to anyone with an internet connection.

56.     Antonacci is not a public figure.

**WHEREFORE**, for the reasons stated herein, Mr. Antonacci hereby prays that this Court enter judgment in favor of Mr. Antonacci, and against the above-named

Defendants, in the amount of $5,000,000 of presumed damages, plus punitive damages, attorneys' fees and the costs of this action.

## COUNT IV: Defamation
### (Subsequent Publication - Spanish)

57.    Antonacci incorporates all of the preceding paragraphs as if they were fully set forth herein.

58.    Antonacci has been licensed to practice law since 2004. He has owned a law practice for the past eleven years.

59.    After Antonacci informed Descrybe of the defamatory nature of its publications, Descrybe republished the case summaries in question after only changing the pronoun "his" to "her" in the language cited above. Descrybe made this change in the Spanish version of the case summary.

60.    As modified, the language does not make sense because it suggests the City of Chicago retained Ponder so that Antonacci could secure funds to pay Ponder's tax liens. That is false and does not appear in the opinion summarized.

61.    Descrybe therefore again made defamatory statements, in the Spanish language, concerning Antonacci in its summary of the case *Antonacci v. City of Chicago*, No. 15-2194, 7th Cir. (Mar. 18, 2016).

62.    These statements are not only verifiably false, but they do not appear anywhere in the opinion purportedly summarized.

63.    These statements lower Antonacci in his profession an bring him into contempt or ridicule.

64.    These false statements were included deliberately and with actual malice.

9

65.     These false statements are published on the internet and were publicly available to anyone with an internet connection.

66.     Antonacci is not a public figure.

**WHEREFORE**, for the reasons stated herein, Mr. Antonacci hereby prays that this Court enter judgment in favor of Mr. Antonacci, and against the above-named Defendant, in the amount of $5,000,000 of presumed damages, plus punitive damages, attorneys' fees and the costs of this action.

## COUNT V: INJUNCTION

67.     All of the preceding paragraphs are hereby incorporated as if fully set forth herein.

68.     Antonacci seeks a preliminary injunction ceasing publication of the case summary in question, or to revise it appropriately.

69.     Antonacci is likely to succeed on the merits because the published statements are verifiably false, do not even appear in the case purported to be summarized, and lower Antonacci in his profession.

70.     Granting the injunction will not harm the defendant because its website claims it has summarized 3.6 million cases. This is only one.

71.     Granting the injunction is in the public interest because false information is currently masquerading as a judicial information on the internet. The public has an interest in not being misled by Descrybe.

**WHEREFORE**, for the reasons stated herein, Mr. Antonacci hereby prays that this Court enter a preliminary injunction ordering the Defendant to cease publication of the case summary in question, or to revise it appropriately.

**A JURY TRIAL IS DEMANDED.**

Dated: August 29, 2025

Respectfully submitted,

Louis B. Antonacci
501 Holland Lane, Unit 107
Alexandria, VA 22314
lou@antonaccilaw.com
T 703-300-4635

11